## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

**TAMMY LEMMER**
5780 Parkview Road
Sun Prairie, WI  53590

                                                           COMPLAINT

                      Plaintiff,                         Case No:

-vs-

**SANTANDER CONSUMER USA, INC.**
5201 Rufe Snow Drive
North Richland Hills, TX  76180

and

**Galanis, Pollack, Jacobs, and Johnson, S.C.**
839 N. Jefferson Street, Suite 200
Milwaukee, WI 53202

                      Defendants.

## COMPLAINT

**Plaintiff**, by his attorneys Krekeler Strother, S.C. (Krekeler), hereby alleges as follows:

1.    Plaintiff Tammy Lemmer (Ms. Lemmer) resides at 5780 Parkview Road, which is located in Sun Prairie, WI 53590.

2.    Defendant Santander Consumer USA, Inc. (Santander) has a principal place of business located at 5201 Rufe Snow Drive, which is located in North Richland Hills, TX 76180.  Upon information and belief, Santander attempted to collect debts and violated the FDCPA and the WCA.

3.    Defendant Galanis, Pollack, Jacobs, and Johnson, S.C. (Galanis) has a principal place of business located at 839 N. Jefferson Street, Suite 200, which

1

is located in Milwaukee, WI. Upon information and belief, Galanis attempted to collect debts and violated the FDCPA and the WCA.

## JURISDICTION OF THE COURT AND VENUE:

1. Jurisdiction of the Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692f(d), and pursuant to 28 U.S.C. § for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## FACTUAL BACKGROUND:

1. In July 2003, Ms. Lemmer took out a loan with Citifinancial Auto (Citifinancial) to purchase a 2001 Ford Explorer. The amount financed by Ms. Lemmer for this purchase was $20,555.31.  See attached, Exhibit 1.

2. Ms. Lemmer's first payment of $423.42 was due August 15th, 2003, and each month thereafter until the balance was paid in full. Ms. Lemmer was scheduled to make 72 payments, so the loan was to be paid in full in July 2009.

3. In January 2008, Ms. Lemmer filed for Chapter 13 Bankruptcy, and listed Citifinancial as the creditor relating to her vehicle.

4. During Ms. Lemmer's bankruptcy, Citifinacial filed a claim on April 3, 2008, asserting that the balance due was $9,835.91.

5.      Citifinancial's claim was granted in the amount of $7,163.93 as a secured debt, and the remainder as an unsecured debt.

6.      During the course of the bankruptcy, Citifinancial received monthly payments of $170 from the bankruptcy trustee. See attached, Exhibit 2.

7.      On September 6, 2010, Santander served notice on Ms. Lemmer that it would be the 'third-party servicer' for Citifinancial. See attached, Exhibit 3.

8.      Santander's Exhibit 3 letter noted that the loan was still owned by Citifinancial.

9.      Exhibit 3 further stated that as of September 6, 2010, the "balance remaining" was $4,596.23, with interest accruing at 13.99%.

10.     Exhibit 3 also stated that the loan would mature on January 28, 2012.

11.     On January 21, 2011, Ms. Lemmer's bankruptcy was dismissed.

12.     According to the Chapter 13 Trustee's Final Report and Account, the trustee paid $7,163.93 to Citifinancial during the course of the bankruptcy.

13.     On May 1, 2012, Santander initiated a replevin suit against Ms. Lemmer by filing a complaint in Columbia County claiming the amount of delinquency was $5,616.48.

14.     Ms. Lemmer was not personally served and received no notice of right to cure default. See attached, Exhibit 4.

15.     Ms. Lemmer has never been provided a notice of right to cure a default or a notice of acceleration of the loan by any party or entity.

3

16.     On June 18, 2012, Ms. Lemmer's discovered that her 2001 Ford Explorer was not in her work parking lot. Consequently, she contacted the Madison Police Department and found that Santander had repossessed the truck. Ms. Lemmer had no knowledge of Santander's right to the truck until this time.

17.     On June 19, 2012, Ms. Lemmer contacted "Ed" at Santander and was told that she was 13 payments past due and owed $5,773.26. "Ed" also asserted that Ms. Lemmer owed a "$400 Repo Fee" and she was told she would have 10 days to redeem the property.

18.     Also on June 19, 2012, Santander mailed Ms. Lemmer a letter entitled "Notice of Our Plan to Sell Property," which said that the truck would be sold at a private sale "sometime after June 30, 2012." The letter also indicated that she could take possession of the truck if the exact amount owed was paid. However, the exact amount was not stated on the notice.  See attached, Exhibit 5.

19.     On June 20, 2012, Ms. Lemmer called Ganalis and they asserted that Santander knew nothing about her Chapter 13 filing although their records repeatedly referenced the bankruptcy.

20.     On June 21, 2012, Santander's attorneys told her they had screwed up and would release the truck to her.

21.     Later on in the day on June 21, 2012, Santander's attorneys called Ms. Lemmer back to say that they would not be releasing the truck to her and at

that time began asking questions about how Lemmer had gotten a clean title on the vehicle.

22.    On October 26, 2012, Plaintiff filed a Notice of Motion and Motion to Reopen, Vacate Judgment and Dismiss. See attached, Exhibit 6.

23.    On November 26, 2012, Plaintiff filed Amended Notice of Motion and Motion to Reopen, Vacate Judgment and Dismiss. See attached, Exhibit 7.

24.    On January 7, 2013, Defendants filed Notice of Motion and Motion to Quash Notice of Examination. See attached, Exhibit 8.

25.    On March 18, 2013, Plaintiff's Motion to Dismiss was denied by the Court.

26.    In the course of litigating the motion to reopen, Santander and Galanis accused Lemmer of fraud in obtaining a clean title to the car, and continued to maintain that they were owed money by Lemmer, while also making false statements about the date the debt matured and whether a notice of right to cure default existed.

## **FIRST CAUSE OF ACTION:**

## **Violations of the Federal Fair Debt Collection Practices Act:**

27.    Reallege and incorporate the foregoing as though set forth full at this point.

28.    Defendants Santander and Galanis both use the US mails regularly in their business.

29.    The business of both defendants Santander and Galanis is primarily to collect on money owed to persons other than Santander and Galanis, or to collect money owed directly to Santander and Galanis but which money was owed

as a result of a defaulted account when Santander and Galanis acquired their rights in the debt.

30. Defendants' actions as alleged herein are violations of the federal Fair Debt Collection Practices Act, specifically:

A. Violations of 15 U.S.C. section 1692d: by alleging and maintaining claims that Lemmer committed fraud in obtaining a clean title to the vehicle, Santander and Galanis engaged in conduct the natural consequence of which was to harass, oppress, and abuse Lemmer.

B. Violations of 15 U.S.C. section 1692e: As alleged herein, Santander and Galanis falsely and misleadingly represented the character, nature and amount of the debt, by misstating the amount of the debt owed as of April 3, 2008 in the notice of claim, as of September 6, 2010 in the letter to Lemmer, in the complaint filed in the circuit court following the dismissal of the bankruptcy, and in the June 19 conversations with Lemmer, and in the pleadings regarding the motion to reopen.  Upon information and belief, none of those representations of the amount of the debt were accurate, in violation of 15 USC 1692e(2)(A).  Further, Santander and Galanis in their communications with Lemmer and her counsel and the Court implied that Lemmer had committed a crime and or disgraceful conduct by implying that she had committed fraud in obtaining a clean title, in violation of 1692e(7)

C.   Violations of 15 USC 1692f: As alleged herein, Santander and Galanis violated this section by attempting to collect a $400 "Repo fee" from Lemmer, which fee had not at that time been authorized by the Court, permitted by law, or by the agreement creating the debt.

31.   As a direct and proximate result of these violations, Ms. Lemmer has suffered damages including, but not limited to: emotional distress, loss of reputation, pecuniary loss and incurring of attorney's fees.

<u>**SECOND CAUSE OF ACTION:**</u>

**(Pendant state law claim)**

**Violations of the Wisconsin Consumer Act**

32.   Reallege and incorporate the foregoing as though set forth fully at this point.

33.   The debt alleged in this case arose from a transaction in which Lemmer acquired a car on credit, which car was for her personal use.

34.   Santander, upon information and belief, regularly extends to consumers the right to incur debt and defer payment on said debt, using the proceeds of the debt to acquire goods and services for personal use.

35.   Santander in this matter has directly attempted to collect money allegedly owed by Lammer to itself.

36.   Galanis, by acting as attorney for Santander in this matter, has directly and indirectly helped Santander attempt to collect money owed by Santander.

37.   Defendants' actions as alleged herein violate the Wisconsin Consumer Act, specifically:

A. Violation of section 425.107, Wis. Stats.: By repeatedly misrepresenting the amount of the debt and the date on which the debt matured and was no longer able to be cured, as well as by implying that Lemmer had committed criminal or disgraceful actions, as well as by demanding that Lemmer pay a "$400 repo fee" and as well as by admitting a mistaken seizure of property only to then retract that, Santander and Galanis have engaged in unconscionable conduct in violation of section 425.107, Stats., and Lemmer is entitled to have the Court refuse to enforce any transactions against her and limit further collection activity.

B. Violation of section 427.104(1)(e), Stats.: Santander and Galanis have repeatedly threatened to disclose and upon information and belief have disclosed information about Lemmer which information affects Lemmer's reputation, to wit: accusing her of fraudulently obtaining a title in communications with other lenders, the Court, and Lemmer's attorneys, in violation of section 427.104(1)(e), Stats.

C. Violation of section 427.104(1)(h), Stats.: by alleging and maintaining claims that Lemmer committed fraud in obtaining a clean title to the vehicle, Santander and Galanis engaged in conduct the natural consequence of which was to harass, oppress, threaten and abuse Lemmer

D. Violation of section 427.104(1)(j), Stats: by sending letters demanding money that was not owed as alleged herein, by claiming a right to seize the car without providing a notice of right to cure default as required by

8

law, and by demanding from Lemmer a "$400 repo fee" Santander and

Galanis claimed rights with reason to know that such rights did not exist.

38.     As a direct and proximate result of these violations, Ms. Lemmer has suffered

damages including, but not limited to: emotional distress, loss of reputation,

pecuniary loss and incurring of attorney's fees.

39.     As a further direct and proximate result of said violations, Ms. Lemmer is

entitled to an award of punitive damages, reasonable costs and attorney's

fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**¸ Plaintiff Tammy Lemmer respectfully requests that the court find that

Defendants have violated the Fair Debt Collection Practices Act, and, the Wisconsin

Consumer Act, and respectfully requests that the Court:

1.     Award such relief as the Court finds necessary to redress injury to consumers

resulting from Defendants' violations of the FDCPA, including but not limited

to, rescission or reformation of contracts, restitution, the refund of monies paid,

and the disgorgement of ill-gotten gains; and

2.     Award Plaintiff monetary civil penalties for the violation of FDCPA and the

WCA as alleged in this Complaint; and

3.     Award Plaintiff the costs of bringing this action, as well as such other and

additional relief as the Court may determine to be just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES IN THIS ACTION

Dated this June 13, 2013

BY:
**Krekeler Strother, S.C.**


/s/Briane F. Pagel Jr. __
Briane F. Pagel, Jr.
Attorney for Plaintiff
State Bar No: 1025514

2901 West Beltline Hwy, Suite 301
Madison, WI 53713
(608) 258-8555/ fax: 663-0287